UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN PANTER, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiff,<br><br>v.<br><br>ALLTEL CORPORATION d/b/a ALLTEL WIRELESS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  No. 08 CV 2097<br>)<br>)  Judge James B. Moran<br>)<br>)  Magistrate Judge Geraldine Soat Brown<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff Kevin Panter, through his counsel, respectfully moves this Court to remand Defendant's removal of Plaintiff's complaint, and in support thereof states as follows:

1. Pursuant to the provisions of 28 U.S.C. § 1447(c), Plaintiff moves to have this case remanded to the Circuit Court of Cook County, Illinois. Defendant's removal of this case to this Court was improper and contrary to well-established law on the subject. This Court lacks subject-matter jurisdiction over the case. The case should be forthwith remanded to the aforementioned state court, with attorney's fees awarded to Plaintiff.

2. The burden is on Defendant to show by a preponderance of the evidence that removal is proper, and as is set forth in Plaintiff's contemporaneously-filed Memorandum In Support Of Plaintiff's Motion To Remand, it cannot sustain that burden. Defendant fails to satisfy its burden of proving that claimed damages are in excess of $5 million as required for CAFA removal, and, as a matter of law, Defendant cannot rely upon 28 U.S.C. § 1367(a) to support jurisdiction in this Court.

3. Plaintiff incorporates herein by reference her Memorandum In Support Of Plaintiff's Motion To Remand.

WHEREFORE, it is respectfully requested that this Court forthwith remand this action to the Circuit Court of Cook County, Illinois, from whence it was improperly removed, and that the Court award Plaintiff his attorney's fees and such further or additional relief as the Court shall deem appropriate.

Dated: April 21, 2008

Respectfully submitted,

KamberEdelson, LLC

By: /s/ Myles McGuire
MYLES MCGUIRE
One of the Attorneys for Plaintiff,
individually and on behalf of a class of
similarly situated individuals

JAY EDELSON
MYLES MCGUIRE
STEVEN LEZELL
KAMBEREDELSON, LLC
53 West Jackson Boulevard, Suite 1530
Chicago, Illinois 60604
Telephone: (312) 589-6370

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KEVIN PANTER, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>ALLTEL CORPORATION d/b/a ALLTEL WIRELESS,<br><br>Defendant. | )<br>)<br>)<br>)   No. 08 CV 2097<br>)<br>)   Judge James B. Moran<br>)<br>)   Magistrate Judge Geraldine Soat Brown<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

In its Notice of Removal, Defendant, Alltel Corporation claims that the amount in controversy exceeds $5,000,000, i.e. the threshold amount necessary for jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Notice of Removal ¶¶ 10, 12). Alltel, however, fails to provide sufficient evidence to support its assertions. While Alltel states that the total number of mobile content service subscribers and the total amount billed for such services since 2006 exceeds $5,000,000, that information alone does not provide a sufficient basis for determining the amount in controversy in this action, which takes issue only with a subset of those charges (i.e. those charges which were never authorized by the class members). As such, removal was improper. *See Gray v. CellCo Partnership*, No. 08-60146 (S.D. Fla. March 26, 2008) (attached hereto as Exhibit A) (remanding similar action where defendant only provided information about the total amount of mobile content charges, as opposed to the amount of unauthorized charges). Furthermore, because Alltel lacked an objectively reasonable basis for seeking removal, Plaintiff should be awarded the costs and fees necessary to bring this motion.

### Statement of Facts

Plaintiff, Kevin Panter ("Panter") brings this putative class action seeking to prevent Alltel from further causing cellular telephone customers to be billed for unauthorized "premium" text message services and to obtain redress for all persons injured by Alltel's conduct.

"Premium" text message services, also known as "mobile content" services, include products such as customized ring tones, sports score reports, weather alerts, stock tips, horoscopes, interactive radio, and participatory television. (Compl. ¶ 4). Just as providers of premium mobile content deliver their products by means of cellular telephone technology, they likewise charge and collect from their customers by "piggybacking" on cell phone bills sent out by wireless carriers, such as Alltel. (Id., ¶ 5). To accomplish this, mobile content providers partner with third-parties known as aggregators, who negotiate the necessary relationships with wireless carriers. (Id., ¶ 5). Aggregators facilitate content providers' access to carriers' mobile communications networks and billing and collection mechanisms. (Id., ¶ 5). In turn, when a customer is billed for mobile content, both the aggregator and carrier retain a portion of the content service charge. (Id., ¶ 5). Panter's suit alleges that Alltel passed on charges to its customers even in instances where the customers never authorized those charges. (Id., ¶¶ 25-27).

### Argument

CAFA provides, in relevant part, that "the district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," there are at least 100 members of the putative class, and at least one member of the putative class is a citizen of a state different from the defendant. 28 U.S.C. §

1332(d). In this case, removal jurisdiction does not exist under CAFA because Alltel has not met its burden of demonstrating that in excess of $5,000,000 is at stake.

It is well established that Alltel, as the proponent of federal jurisdiction, bears the burden of establishing removal jurisdiction, and CAFA has not shifted this burden. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447-448 (7th Cir. 2005). Moreover, removal statutes are to be "construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal." *Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 715-16 (7th Cir. 2000).

"What the proponent of jurisdiction must 'prove'" to establish removal jurisdiction is "contested factual assertions" which would lead to the conclusion that in excess of $5,000,000 is at stake. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006). The *Meridian* court provided a non-exhaustive list of competent proofs a proponent of federal jurisdiction might use to establish jurisdiction, such as admissions in state court, calculations based on the complaint's allegations, or by introducing affidavits from the defendant's employees or experts. *Id.* at 541-42. "A *good-faith estimate* of the stakes is acceptable if it is *plausible* and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (emphasis added).

Ignoring these standards, Alltel asks the Court to accept on faith that there is over $5,000,000 at stake simply because in each year since 2006 it supposedly[1] "has billed its cellular customers in excess of $5,000,000…" for mobile content services. (Notice of Removal, ¶¶ 18-19). Nowhere in Panter's complaint, however, does he claim that all of Alltel's mobile content charges were illegal and should be returned. In fact, his complaint makes explicit the obverse, i.e.

---

[1] Alltel provides no evidentiary support for the bald statements it makes in its removal papers.

that he is only suing to recoup the unauthorized charges. His class, thus, is expressly limited to persons who "suffered losses or damages as a result of [being charged for] services not authorized by the subscriber[.]" Compl. ¶37. And his causes of action are similarly focused solely on the recoupment of unauthorized charges. *See, e.g.* Compl., ¶49 (alleging that Defendant breached its contracts by billing "for products or services, *the purchase of which they never authorized.*")[2]

A recent case out of the district court of Florida is directly on point. There, Verizon wireless sought to remand a parallel action (brought by the same lawyers representing Panter) claiming, similar to Alltel, that because it levied some $24 million in mobile content charges, CAFA jurisdiction applied. The court summarily rejected that argument:

> Notwithstanding Verizon's characterizations of Plaintiff's claims, Gray does not claim that all amounts Defendants billed and collected for mobile content services were improper, rather, she claims that some of thus charges were unauthorized and thus improper. . . . The undersigned agrees with Plaintiff, therefore, that Verizon has failed to adequately demonstrate a relationship between the amount in controversy and the $24 million figure Verizon claims it charged all Florida customers for mobile content services.

*Gray*, at *4.

Because Alltel has failed to satisfy its burden of showing, by a preponderance of the evidence, that in excess of $5,000,000 is at stake, this Court lacks jurisdiction over this matter. Further, because Alltel lacks an objectively reasonable basis for seeking removal, this Court should award Plaintiff the costs and fees necessary to bring this motion. *See Lott v. Pfizer, Inc.*,

---

[2] By way of analogy, Alltel's argument is akin to a politician making the claim that 10 million illegal immigrants live in America simply because the total number of all immigrants, legal and illegal, is 10 million.

4

492 F.3d 789, 792 (7th Cir. 2007) (explaining that plaintiff is entitled to fees if defendant "lacked an objectively reasonable basis for seeking removal").

## Conclusion

For the reasons stated above, this case should be remanded to state court and Defendant, Alltel Corp. should be ordered to pay reasonable attorneys' fees expended in presenting this motion.

Dated: April 21, 2008

Respectfully submitted,

KamberEdelson, LLC

By: /s/ Jay Edelson
JAY EDELSON
One of the Attorneys for Kevin Panter, individually and on behalf of a class of similarly situated individuals

Jay Edelson
Myles McGuire
Steven Lezell
KAMBEREDELSON, LLC
53 West Jackson Boulevard
Suite 550
Chicago, Illinois 60604
Telephone: (312) 589-6370

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 08-60146-CIV-ALTONAGA/Turnoff

LISA GRAY, individually and on behalf of a
class of similarly situated individuals,

       Plaintiff,

vs.

CELLCO PARTNERSHIP, a Delaware
General Partnership d/b/a Verizon Wireless;
and MOBILE MESSENGER AMERICAS,
INC., a Delaware corporation,

       Defendants.
_____/

## ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court on Plaintiff, Lisa Gray's ("Gray['s]") Motion to Remand [D.E. 9], filed February 25, 2008. The Court has carefully reviewed the parties' written submissions and applicable law.

Gray has brought this putative class action against Defendants, Cellco Partnership d/b/a Verizon Wireless ("Verizon") and Mobile Messenger Americas, Inc. ("Mobile Messenger"), seeking to stop a practice Gray alleges Defendants engage in of causing cellular telephone customers to be billed for unauthorized and unwanted mobile content services and to obtain redress for persons who have been injured by that practice. Verizon[1] timely removed this action based on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which gives federal district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of a class of over 100 plaintiffs is a citizen of a state different from the state of any defendant.

---

[1] Under the Class Action Fairness Act of 2005 no other defendants are required to consent or join in the removal. *See* 28 U.S.C. § 1453(b).

Case No. 08-60146-CIV-ALTONGA/Turnoff

Gray seeks a remand on the ground that Verizon has failed to show by a preponderance of the evidence that the action places at least $5 million in controversy.

Gray's Complaint contains a count for breach of contract (Count I), restitution/unjust enrichment (Count II), and tortious interference with contract (Count III) on behalf of two proposed classes: as to Count I, a Carrier Class, and as to Counts II and III, a Mobile Content Provider Class. The "Carrier Class" is defined as a class consisting of all Verizon wireless telephone subscribers in Florida who suffered losses or damages as a result of Verizon billing for mobile content products and services not authorized by the subscriber. The Mobile Content Provider Class consists of all wireless telephone subscribers in Florida who suffered losses or damages as a result of incurring charges on their cellular telephone bills from, or on behalf of, Mobile Messenger which were not authorized by the subscriber. Gray alleges that Verizon, systematically and repeatedly, and without authorization, has been billing its customers for the purchase of products and services not agreed to by the customers and along with third-party services providers, has been profiting significantly through this practice. The disputed services include access to and billing for third-party mobile content services such as ring tones, chat services, horoscopes, stock tips, weather alerts, participatory television, payment services and other forms of software provided by hundreds of third-party vendors with names such as Mobile Messenger.

Verizon asserts that while the Complaint does not allege an amount in controversy, the $5 million threshold is satisfied for several reasons. First, reading the Complaint as a whole reveals that Plaintiff is challenging Verizon's entire billing system for mobile content charges to Florida wireless subscribers and Plaintiff cannot insist the class she seeks to represent includes only those who may ultimately prove their charges were unauthorized. Verizon relies on the declaration of Bill Medrano,

Case No. 08-60146-CIV-ALTONGA/Turnoff

attached to its Notice of Removal, which states Verizon's total charges for mobile content to wireless subscribers in Florida exceeds the sum of $24 million, an amount far greater than the $5 million threshold required for federal jurisdiction under CAFA. Second, even if Plaintiff is not challenging the entire billing system, because Plaintiff is seeking punitive damages, capped at three times the amount of compensatory damages (unless a defendant is shown to have acted with the specific intent to harm the claimant), if Plaintiff merely recovers $1.25 million in compensatory damages (less than 5% of Verizon's total mobile content charges), then the CAFA jurisdictional threshold is satisfied.

Under 28 U.S.C. § 1447(c), a case removed from state court should be remanded if it appears that it was removed improvidently. The burden of establishing federal jurisdiction, as Verizon recognizes, falls on the party who is attempting to invoke the jurisdiction of the federal court. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *see also Miedema v. Maytag Corp.*, 450 F.3d 1322, 1329-30 & n.8 (11th Cir. 2006) (removing party bears burden of establishing federal jurisdiction under CAFA). Moreover, courts should strictly construe the requirements of removal jurisdiction and remand all cases in which such jurisdiction is doubtful. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). When the plaintiff and defendant clash on the issue of jurisdiction, uncertainties are resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Where a "'plaintiff has not pled a specific amount of damages, the removing defendant must prove by a *preponderance of the evidence* that the amount in controversy exceeds the jurisdictional requirement.'" *Miedema*, 450 F.3d at 1330 (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (emphasis added)). Because the amount in controversy is not apparent on the face of Gray's Complaint, the undersigned must necessarily "look to the notice of removal and may

3

Case No. 08-60146-CIV-ALTONGA/Turnoff

require evidence relevant to the amount in controversy at the time the case was removed." *Id.*

Notwithstanding Verizon's characterization of Plaintiff's claims, Gray does not claim that all amounts Defendants billed and collected for mobile content services were improper, rather, she claims that some of those charges were unauthorized and thus improper. To find that more than $5 million is in controversy the undersigned would necessarily have to speculate as to the size of the classes and the likely average amount of recovery for each class member, or assume that approximately 20% of the mobile content service charges were improper.[2] A district court, however, is not permitted to engage in this type of guesswork. *See Lowrey v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007). The undersigned agrees with Plaintiff, therefore, that Verizon has failed to adequately demonstrate a relationship between the amount in controversy and the $24 million figure Verizon claims it charged all Florida consumers for mobile content services. *See, e.g., Pearson's Pharmacy, Inc. v. Blue Cross & Blue Shield of Alabama*, 2007 WL 3496031, at *1 (M.D. Ala., Nov. 14, 2007).

As to Verizon's argument that the prayer for punitive damages brings this case within the jurisdictional amount, the Complaint requests exemplary damages if the challenged conduct is proved to be willful. And while the Court must consider punitive damages when determining if the jurisdictional amount in controversy has been satisfied, unless it is apparent that such cannot be recovered, *see, e.g., Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted), the Court returns to what sum, if any, is shown by a preponderance of the evidence to be the amount in controversy from which one can extrapolate a punitive damage recovery. *See, e.g., Sharritt v. Liberty Mut. Ins. Co.*, 2005 WL 1505994, at *1 (S.D. Ala. June 24,

---

[2] For example, Gray alleges she was improperly charged $19.99 and further alleges Defendants improperly charged consumers "as little as a few dollars to at most several hundreds of dollars per person."

4

Case No. 08-60146-CIV-ALTONGA/Turnoff

2005) (finding defendant had not satisfied its burden where it had only shown amount in controversy to be $6,700, thus, punitive damage would have to be more than ten times the compensatory damages). Verizon posits that as little as $1.25 million is necessary for punitive damages in three times that amount to bring this case over the requisite jurisdictional sum. Even assuming that Verizon's estimate is not unreasonably high, the Court must nevertheless reject it because it is not based on any analysis of the evidence at the time of removal. *See Lowrey*, 483 F.3d at 1210 (rejecting defendants' argument that, to reach the jurisdictional threshold, each of the roughly 400 plaintiffs need only recover on average $12,500 – "a relatively low hurdle" – because it would require the court to engage in "impermissible speculation"). The punitive damages discussion, therefore, simply adds more speculation to a record insufficient to satisfy Verizon's burden as the removing party.

Resolving all doubts in favor of remand, as the Court must, *see, e.g., Miedema*, 450 F.3d at 1328-29, it is

**ORDERED AND ADJUDGED** that the Motion to Remand **[D.E. 9]** is **GRANTED** and this cause remanded to the Seventeenth Judicial Circuit, in and for Broward County, Florida. The Clerk of Court is directed to mark this case as **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 25th day of March, 2008.

*Cecilia M. Altonaga*
CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE

cc: Hon. William C. Turnoff
counsel of record