IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN PANTER, individually and on behalf of a class of similarly situated individuals, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALLTEL CORPORATION )<br>d/b/a ALLTEL WIRELESS, )<br>)<br>Defendant. ) | Civil Action No. 08 CV 2097<br><br>Judge Moran<br><br>Magistrate Judge Brown |

### [REDACTED] STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff, Kevin Panter, and Defendant, Alltel Corporation, through their respective attorneys of record, as follows:

WHEREAS documents and information have and may be sought, produced or exhibited by and among the parties to the above referenced action, as well as from third parties, non-parties, persons, and entities, which relate to trade secrets, confidential research, development, technology, business plans or other proprietary information;

THEREFORE, on good cause being shown, an order of this Court protecting such confidential information is made on the following terms:

**Purpose**

1.      This Stipulated Protective Order ("Order") shall govern the designation and handling of all confidential documents and information produced in this action by any party, non-party, person, or entity.

2.      This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the

designation of any information or document as Confidential Information (as defined *infra* for purposes of this Order), nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

## Materials Covered and Disclosure Prohibitions

3. Any party, or third party, non-party, person, or entity that submits to the jurisdiction of this Court for adjudication of production and designation disputes, who is required to produce documents or disclose information in discovery in this case (the "Producing Person") may designate such documents or information as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

4. A Producing Person may designate as "CONFIDENTIAL" any non-public information or documents that the Producing Person believes, in good faith, contains information related to a trade secret, customer lists, non-public pricing information, nonpublic revenue and financial information, personal consumer information, including social security numbers or consumer credit report information, confidential research, commercially or competitively sensitive information, or any other information subject to a legally protected right to privacy.

5. Documents or information designated as "CONFIDENTIAL" shall be disclosed only to:

    a. The Court and its staff in this case and in any appeal there from;

    b. The jury in this case (if this case goes to trial);

    c. The named parties in this litigation, including officers, employees, and in-house counsel of corporate parties who are actively engaged in assisting such counsel in this action;

    d. Counsel of record for the parties in this case;

  e. Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action;

  f. Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel and who are actively engaged in assisting counsel or parties in this action;

  g. Any other person or entity as to whom counsel for the Producing Person agree in writing or on the record, or whom the Court direct shall have access to such information; and

  h. Persons providing testimony regarding such information, provided that the documents or information were otherwise lawfully available to such person outside of this litigation, such as third party authors or recipients.

6. A Producing Person may designate as "HIGHLY CONFIDENTIAL" customer lists, trade secrets, and proprietary, competitively or commercially sensitive non-public information. Counsel of record may render advice to their respective clients and rely generally on their inspection of such documents and/or information; provided, however, that counsel shall not make any specific disclosure of the contents of "HIGHLY CONFIDENTIAL" documents or information which have been so designated or marked to their client.

7. Documents or information designated as " HIGHLY CONFIDENTIAL" shall be disclosed only to:

  a. The Court and its staff in this case and in any appeal there from;

  b. The jury in this case (if this case goes to trial);

  c. Counsel of record for the parties in this case;

  d. Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action;

  e. Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or

counsel and who are actively engaged in assisting counsel or parties in this action; and

f.  Any other person or entity as to whom counsel for the Producing Person agree in writing or on the record, or whom the Court direct shall have access to such information.

8. Collectively or separately, for purposes of this Order, "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" documents and information are referred to as "Confidential Information."

9. Confidential Information shall not be used for *any* purpose other than the defense or prosecution of this action in accordance with the provisions of this Order and shall not be discussed or disclosed to any person except as specifically authorized by this Order. Any documents, information, deposition testimony or other material subject to this Order shall not be used, directly or indirectly, by any party for any business, commercial or competitive purpose whatsoever.

10. All persons to whom documents or information designated as Confidential Information are disclosed are hereby enjoined from disclosing Confidential Information to any other person except as provided herein, and are further enjoined from using Confidential Information except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such Confidential Information shall disseminate or disclose it to any person other than those described above and for the purposes specified, and in no event shall such person make any other use of such Confidential Information.

11. Before disclosure of any documents or information designated as Confidential Information to persons described in subparagraphs 5(f), 5(g), 5(h) and 7(e) and 7(f) of this Order, any such person shall sign a document in the form of Exhibit A attached hereto, stating that he or

she has read and understands this Order and agrees to be bound by its terms and be subject to the jurisdiction of the Court for enforcement of this Order.

## Procedures for Designation

12.     Designation of Confidential Information shall be made at or prior to the time of production of documents by stamping or marking the documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a location that makes the designation readily apparent. A designation of Confidential Information reflects a good faith determination by counsel that the material falls within the definition of Confidential Information under this Order.

13.     Any information that has not been reduced to documentary form may be designated as Confidential Information by informing counsel for the parties in writing that it is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

14.     Deposition testimony may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," in whole or in part, either on the record during the deposition or within thirty (30) days after receipt of the written transcript by the designating party. Until that time, and unless otherwise indicated in writing or on the record, all deposition testimony shall be treated as "CONFIDENTIAL" to permit counsel for the party deposed an opportunity to designate the deposition testimony as Confidential Information. In the event that a party needs to file a deposition transcript with the Court prior to the expiration of the thirty (30) day period set forth above, that entire transcript shall be treated as if it had been designated as Confidential Information.

15.     The inadvertent delivery of documents and information that could properly be designated as Confidential Information shall be without prejudice to the Producing Person. If, at any time after producing a document or information, a Producing Person determines that the

document or information should have been designated as Confidential Information, the Producing Person shall promptly provide written notice to the receiving person with a replacement copy of the document or information bearing a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation within five (5) business days after giving such written notice. Upon receipt of such re-designated materials, the receiving person shall promptly return the undesignated document or information (and all copies thereof) to the producing person after receiving the replacement copy. During the five (5) business day period following written notification that the document or information should have been designated as Confidential Information, the receiving person shall treat the undesignated document or information as thought it has been so designated and shall make a reasonable effort to retrieve all copies of the document for return to the producing person. The Producing Person shall bear the burden of remedying any such documents that are already in the public record when the late designation is made.

### Use of Confidential Information at Trial or Depositions

16.     During the time that information or documents designated as Confidential Information are disclosed in a deposition or hearing, any party shall have the right to exclude from attendance at the deposition or hearing any person who is not entitled to receive such information or documents under the terms of this Order. Nothing in this Order shall prevent a party from using at trial any information or materials designated as Confidential Information provided that such use complies with the terms of this Order.

### Filing Confidential Information With The Court

17.     Confidential Information may be used or submitted to the Court in connection with any filing or proceeding in this litigation pursuant to the procedures and restrictions set

Case 1:08-cv-02097   Document 22   Filed 05/15/2008   Page 7 of 12

forth in Local Rules 5.8 and 26.2 of the United States District Court for the Northern District of Illinois. If Confidential Information is submitted as an exhibit or is incorporated in a pleading, brief or other material submitted to the Court, the submitting party shall file with the Clerk of the Court a copy of the pleading or brief with the Confidential Information redacted or omitted. In addition, after the entry of an appropriate order by the Court, the submitting party shall file under seal the original pleading or brief without redaction after receiving appropriate permission from the Court.

18. Whenever any document designated as Confidential Information or any pleading designated as containing Confidential Information is filed with the Court, such document or pleading shall be filed in an envelope or other enclosure which displays a bold heading substantially the following form: "FILED UNDER SEAL SUBJECT TO PROTECTIVE ORDER." Such filing under seal shall also otherwise comply with the requirements of Local Rules 5.8 and 26.2 of the United States District Court for the Northern District of Illinois. The Clerk of the Court is directed to maintain under seal only those documents and transcripts of deposition testimony filed in the Court in this litigation which have been designated, in whole or in part, as Confidential Information. Such designation shall be readily visible and legible on at least the cover of each such document and/or transcript filed with the Court.

**Disposition of Confidential Information at the End of the Case**

19. In accordance with Local Rule 26.2(g) of the United States District Court for the Northern District of Illinois, when the case is closed, the Clerk of the Court shall maintain the documents as restricted documents for a period of sixty-three (63) days following the final disposition including appeals. Except where the Court, in response to a request of a party or on its own motion, orders otherwise, at the end of the sixty-three (63) day period the Clerk shall

return the documents submitted to the Court under Paragraph 18 in the sealed enclosure to the attorney or entity that filed it.

20. Within sixty (60) days after final termination of this lawsuit, upon written request, the parties shall assemble and return to Producing Person all items containing Confidential Information, including but not limited to Confidential Information in the custody or control of third parties set forth in paragraphs 5(f), 5(g), 5(h) and 7(e) and 7(f) of this Order. A party or third party may elect to destroy all items containing Confidential Information in lieu of returning such Confidential Information. If any party or third party elects to destroy the Confidential Information it received, such party or third party shall send written verification to the Producing Person that the documents have in fact been destroyed. All documents containing or reflecting Confidential Information which also contain notes or other attorneys' work product shall be destroyed. In addition, all summaries, extracts or compilations taken from such Confidential Information shall be destroyed.

### Modification of Order and Challenges to Designation

21. The Court shall retain the jurisdiction and authority to modify this Order at the request of either party and upon a showing of good cause. Nothing in this Order shall prevent a party from seeking additional relief from the Court to further restrict access to documents and information that have been and may be sought in this action, relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the party.

22. This Order shall be without prejudice to the right of the parties or other persons to: (i) bring before the Court at any time the question of whether any particular document or information is properly designated as Confidential Information , or (ii) present a motion to the

Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

23. Any party (the "Notifying Party") may at any time serve a written notice upon all other counsel of record (the "Responding Party") (a) objecting to a designation made by the Responding Party; or (b) proposing to disclose Confidential Information to an individual to whom such disclosure is not authorized by this Order. The parties shall attempt within fourteen (14) calendar days from the Responding Party's receipt of such notice to resolve any dispute concerning (a) or (b) in good faith. If the attempt is unsuccessful, the Notifying Party may move for an order changing the designation of the documents or information at issue and/or authorizing the disclosure of certain documents or information to a specific person not otherwise so authorized hereunder. During the pendency of any challenge to the designation of a document or information, the designated document or information shall be continue to be treated as Confidential Information subject to the provisions of this Order. The Court shall make an independent determination as to whether any disputed information is to be protected from public disclosure or whether the Confidential Information may be shown to the proposed person. This Order shall not alter the burden of proof as to these issues.

24. Nothing in this Order shall prevent any interested member of the public to challenge the sealing of any documents. In the event of such a challenge, the party asserting confidentiality shall have the burden of proving the propriety of that designation.

**Procedures in the Event of Unauthorized Disclosures**

25. In the event of a disclosure of Confidential Information to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, the party

responsible for having made such disclosure shall immediately procure the return of the material, and inform counsel for the Producing Person whose Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

**Additional Provisions**

26. The inadvertent production of any confidential, privileged or attorney work product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall constitute neither a waiver of any claim or privilege that may otherwise attach thereto nor a general waiver of such claim or privilege. Upon demand of the producing party, all copies of any inadvertently produced document shall be returned forthwith, and such documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing party.

27. This Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this Order.

28. Nothing in this Order shall be construed to govern or affect the admissibility or use of any Confidential Information at trial or hearing in open court. Any requests of confidentiality or sealing of any hearing or trial is to be made to the judge presiding over that proceeding.

Dated: May 15, 2008

So Entered _____
Honorable James B. Moran

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN PANTER, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08 CV 2097 |
| ALLTEL CORPORATION d/b/a ALLTEL WIRELESS, | ) ) ) ) | Judge Moran |
| | ) | Magistrate Judge Brown |
| Defendant. | ) | |

**AGREEMENT CONCERNING MATERIAL**
**COVERED BY THE STIPUATED PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order entered in this action dated May ___, 2008, which is incorporated herein by reference, that he or she understands the terms thereof, and agrees to be bound by its terms and be subject to the jurisdiction of the United States District Court for the Northern District of Illinois for the purposes of enforcement of the Stipulated Protective Order.

Dated: 5/15/08                By: *James R. Moran*