**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN PANTER, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 08 CV 2097 |
| ALLTEL CORPORATION d/b/a ALLTEL WIRELESS, | ) ) ) | Judge Moran |
| Defendant. | ) ) | Magistrate Judge Brown |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS CLASS ACTION COMPLAINT**

Defendant Alltel Corporation ("Alltel"), by its attorneys, hereby submits its

Memorandum in Support of Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, the Class Action Complaint ("Complaint") filed by Plaintiff, Kevin Panter

("Plaintiff").

**I.    INTRODUCTION**

Plaintiff's two-count putative Class Action Complaint is premised upon Alltel's alleged

systematic mis-billing of Plaintiff and other subscribers for unauthorized third-party mobile

content charges.  Plaintiff's breach of contract claim (Count I) is based upon "substantially

identical agreements" purportedly existing between Alltel and Plaintiff (and the putative class

members).  Notably, although required by the rules of the Illinois state court where the complaint

was originally filed, 735 ILCS 5/2-606, Plaintiff failed to attach the contract upon which his

claims are based.  Plaintiff's "consumer fraud" claim (Count II) is based upon purported

misrepresentations made in that contract, as well the billing statements which contain the

purportedly unauthorized charges.  Yet, despite the well-established rules for pleading such

fraud, Plaintiff fails to identify with particularity any such misrepresentations. Notably (once again), Plaintiff fails to describe even summarily any misrepresentations directed <u>at Plaintiff</u>.

These failures to comply with basic pleading requirements cannot be presumed inadvertent. Pursuant to well-established law, <u>see e.g.</u>, <u>188 LLC v. Trinity Indus., Inc.</u>, 300 F.3d 730, 735 (7th Cir. 2002), Alltel respectfully submits to the Court, for its own review, an example of a billing statement which would contain the alleged misrepresentations as to unauthorized charges and which also includes the form agreement referenced in the Complaint. As an initial matter, as the exhibit demonstrates, the "substantially identical agreements" that Alltel allegedly entered into with Plaintiff contains an express arbitration provision that requires any claims arising out of the contract to be arbitrated. (<u>See</u> <u>infra</u> pp. 11-14.) However, before Alltel is required to file a motion to stay and compel arbitration,[1] this Court should dismiss both counts of the complaint because (1) Plaintiff never contracted with Alltel and (2) any purported representations regarding authorized charges were never directed at Plaintiff.

## II.    <u>PLAINTIFF'S CLAIMS</u>

Plaintiff filed his Class Action Complaint ("Complaint," Docket No. 1 Ex. 1) with the Circuit Court of Cook County, Illinois, on or about March 13, 2008. After Alltel removed the action to this Court pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), this Court denied Plaintiff's motion to remand. (<u>See</u> Mem. Op. & Order, Docket No. 33.)

The Complaint asserts claims for "Breach of Contract on behalf of the Class" and for "Consumer Fraud on behalf of the Class." Plaintiff bases both of these claims on the same

---

[1] **Alltel does not intend, and the law does not require it, to waive its right to arbitrate Plaintiff's claims in the event they survive the Motion.** "[I]t is well-established that a party does not waive its right to arbitrate merely by filing a motion to dismiss." <u>See e.g.,</u> <u>Sharif v. Wellness Int'l Network, Ltd.</u>, 376 F.3d 720,726 (7th Cir. 2004). This non-waiver rule is particularly appropriate here, where the action has been stayed and the parties have conducted no discovery or even the conferences and disclosures required by Rule 26. (<u>See</u> Docket No 25.)

factual allegations. (Compl. ¶¶ 44, 52.) Plaintiff alleges that Alltel provides cellular telephone services to subscribers nationwide.[2] (Id. ¶ 2.) Plaintiff's Complaint focuses on "premium" text message services, also described as "mobile content," that are available to customers who allegedly receive cellular telephone service from Alltel. (Id. ¶ 4.) Plaintiff alleges that the providers of mobile content "partner" with third-party companies known as aggregators to use the billing and collection mechanisms of cellular carriers to bill customers for the mobile content. (Id. ¶¶ 5, 10, 12-17.) Plaintiff alleges that Alltel bills customers directly for charges for third-party mobile content. (Id. ¶ 17.)

In support of his breach of contract claim, Plaintiff alleges that Alltel entered into a form contract with him, as well as Alltel's other subscribers:

> Plaintiff and the class entered into <u>substantially identical agreements</u> with Defendant Alltel whereby Plaintiff and the [sic] Alltel agreed to pay a certain sum of money in exchange for Alltel's activation of Plaintiff and the Alltel's [sic] cellular telephone account and its promise to provide various communication and related services to Plaintiff and the Class.

(Id. ¶ 45 (emphasis added).) Plaintiff further alleges that, in breach of this form contract, and as part of "a deliberate and willful scheme to cheat large numbers of people," Alltel charges cellular customers for unauthorized premium text message services and other mobile content. (Id. ¶ 27; see also id. ¶¶ 7, 18-19, 20-26, 28.) Plaintiff alleges that, by the contract, Alltel misrepresented that it would only charge Plaintiff and other subscribers for authorized third-party mobile content, and separately alleges that Alltel misleadingly included unauthorized charges in its billing statements. (Id. ¶¶ 47, 50.) However, the Complaint fails to identify or describe with

---

[2] In fact, Defendant Alltel Corporation is the parent company of Alltel Communications, LLC. Alltel Communications, but not Defendant Alltel Corporation, provides cellular telephone services to subscribers nationwide.

particularity the allegedly false promises in the contract or the misrepresentations as to the charges.

## III.  STANDARD FOR RULE 12(b)(6) MOTION

Dismissal of a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper where it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 924 (N.D. Ill. 2000); Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).  In deciding a motion to dismiss, the Court accepts all well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff.  Dornhecker, 99 F. Supp. 2d at 924.  A motion to dismiss for failure to state a claim should be granted if it is beyond doubt that the plaintiff is unable to prove any set of facts that would entitle her to relief.  City of Chicago Heights, Ill. v. LoBue, 841 F. Supp. 819, 822 (N.D. Ill. 1994).  In keeping with this mandate, courts recognize that conclusory statements of law and their unwarranted inferences are not sufficient to defeat a motion to dismiss for failure to state a claim.  Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995); Baxter v. Vigo County School Corp., 26 F.3d 728, 733 (7th Cir. 1993).  Further, "[f]or the purpose of testing the trial courts' action, well pleaded allegations of the complaint are to be taken as admitted, but mere unsupported conclusions of fact or mixed fact and law are not admitted."  Tamari v. Bache & Co. (Lebanon) S.A.L., 565 F.2d 1194, 1198-99 (7th Cir. 1977), cert. denied, 435 U.S. 905 (1978).

## IV.  BECAUSE PLAINTIFF DID NOT CONTRACT WITH ALLTEL, PLAINTIFF'S BREACH OF CONTRACT CLAIM (COUNT I) SHOULD BE DISMISSED

Plaintiff's breach of contract claim fails because Plaintiff is not a party to the form contract referenced in the Complaint, and by which Alltel provides the cellular phone services described in the Complaint.

4

"The elements of a breach of contract claim are: (1) existence of a valid and enforceable contract [between the plaintiff and the defendant]; (2) performance by the plaintiff; (3) breach by the defendant; and (4) resultant injury to the plaintiff."  Higher Gear Group, Inc. v. Rockenbach Chevrolet Sales, Inc., 223 F. Supp. 2d 953, 958 (N.D. Ill. 2002); see also Priebe v. Autobarn, Ltd., 240 F.3d 584, 587 (7th Cir. 2001) (citing same elements when affirming grant of summary judgment by Moran, J.).  For his breach of contract claim to survive, therefore, Plaintiff must establish the existence of a contract between Plaintiff and Alltel.  See Klem v. Mann, 279 Ill. App. 3d 735, 741, 665 N.E.2d 514, 518 (Ill. App. Ct. 1996) ("[A] plaintiff must allege that a contract existed between it and the defendant . . . ."); see also Sabath v. Mansfield, 60 Ill. App. 3d 1008, 1016, 377 N.E.2d 161, 168 (Ill. App. Ct. 1978) ("As a general rule only a party to a contract or those in privity with him may enforce the contract . . . ."); Gallagher Corp. v. Russ, 309 Ill. App. 3d 192, 199, 721 N.E.2d 605, 612 (1999) (dismissal of breach of contract claim was proper when the contractual relationship could not be established).

Although Plaintiff was required to attach a copy of the contract at issue to the Complaint, because he originally filed his Complaint in Illinois state court, 735 ILCS 5/2-606,[3] he failed to do so.  To remedy Plaintiff's failure, Alltel attaches hereto a redacted copy of the June 14, 2007 billing statement directed to the person who actually contracted with Alltel to obtain Plaintiff's cellular telephone service.  (June 14, 2007 bill attached as Ex. A.)  The bill is addressed to Kathleen Panter (Ex. A at 1), and includes the terms and conditions of the form contract (id. at 19-20).  In addition to containing the terms of the "substantially identical agreements" which form the basis for Plaintiff's breach of contract claims, the bill also reflects charges for the

---

[3] Section 5/2-606 provides, in relevant part: "If a claim or defense is founded upon a written instrument, a copy thereof, or so much of the same as is relevant, must be attached to the pleading as an exhibit or recited therein . . . ."

mobile content at issue in Plaintiff's consumer fraud claim (see, e.g., Ex. A at 12 (listing charges for "Premium Axcess Downloads)).

This bill, including the terms and conditions of the form contract, is properly part of the pleadings for purposes of this motion. Documents that are referred to in the pleadings and that are central to the claims asserted become part of the pleadings for purposes of a Rule 12(b)(6) motion when they are attached to a motion to dismiss. 188 LLC v. Trinity Indus. Inc., 300 F.3d 730, 735 (7th Cir. 2002). Particularly relevant here, courts follow this rule "to prevent parties from surviving a motion to dismiss by artful pleading or by failing to attach relevant documents." Trinity Indus., 300 F.3d at 735. Plaintiff's failure to attach the form contract to his Complaint, and his failure to identify any alleged misrepresentations by Alltel directed at Plaintiff, is exactly the type of "artful pleading" and failure to offer documents that this rule is designed to prevent.

In this case, the form contract (and the associated billing statement), under which Plaintiff receives the cellular telephone service alleged in the Complaint, is unquestionably central to Plaintiff's breach of contract claim. (As described infra, p. 9, the contract and billing statement is also central to the consumer fraud claim, which hinges upon contractual misrepresentations and false charges.) Therefore, this Court can consider the bill and the form contract terms when ruling on this motion. Trinity Indus., 300 F.3d at 735. Moreover, the Court is not bound by Plaintiff's conclusory allegations in the Complaint that he entered into a form contract with Alltel, but can independently examine the offered document when ruling on Alltel's motion. Rosenblum v. Travelbyus.com Ltd., 299 F.3d 657, 661 (7th Cir. 2002), quoting 5 Wright & Miller, Federal Practice & Procedure: Civil 2d, § 1327 at 766 (1990) ("The court is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently

examine the document and form its own conclusions as to the proper construction and meaning to be given the material.").[4]

A cursory review of the bill and the attached form contract demonstrates that the legal contract that Alltel has relating to this account is <u>not</u> with Plaintiff but instead with Kathleen Panter. The bill and the accompanying contract is addressed to Kathleen Panter. (Ex. A at 1.) Under the section labeled "General Information," the bill informs Ms. Panter that the "bill reflects the charges incurred by you during your most recent billing period for the services provided to you by Alltel. These services are subject to Alltel's terms and conditions . . . ." (Ex. A at 2.) The "Terms and Conditions for Communication Services" governing the cellular service are reproduced in full at the end of the bill. (Ex. A at 19-20.) While Plaintiff's name appears on this bill, it appears in the section listing the individuals whose cellular charges are billed to Ms. Panter, and who receive cellular service under Alltel's "family plan" contract with Ms. Panter. (Ex. A at 3, 12.) Nowhere does the bill indicate that it was addressed to Plaintiff, or that he (rather than Kathleen Panter) is contractually obligated to Alltel for cellular telephone services or, conversely, that he has corresponding contract rights. Accordingly, it is Ms. Panter who has the contract with Alltel, not Plaintiff. Thus, Plaintiff cannot maintain his claim for breach of contract and this claim must be dismissed pursuant to Rule 12(b)(6).[5]

---

[4] Plaintiff can hardly claim prejudice from application of this rule, as he was required to attach the form contract under Illinois law, and that contract is considered "part of the pleadings for all purposes" under Illinois law. 735 ILCS 5/2-606.

[5] Alltel acknowledges that, in theory, Plaintiff could deny the factual import of the document offered by Alltel, and insist that he is the contracting party. Presuming Plaintiff and his counsel can offer such contention on the good faith basis required by Rule 11 and 28 U.S.C. § 1927, resolution of the issue would likely require discovery by the parties and fact-finding by this Court. In that event, and given the contractual arbitration provision, in lieu of such litigation in this Court, this action should be stayed in order to compel arbitration pursuant to the terms of the contract.

## V.   PLAINTIFF'S CONSUMER FRAUD CLAIM (COUNT II) SHOULD BE DISMISSED

### A.   Count II Fails Because No Alleged Misrepresentations Were Directed At Plaintiff

Count II of Plaintiff's Complaint, "Consumer Fraud on Behalf of the Class" (Compl. ¶¶ 52-57), does not specifically cite any statute or other legal basis for its claims, but its allegations loosely quote the language of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505. Because the alleged statements upon which Plaintiff apparently bases his ICFA claim were not directed at Plaintiff, Plaintiff fails to state a claim, and Count II must be dismissed.[6]

The elements of an ICFA claim are: "(1) the defendant engaged in a deceptive act; (2) the defendant intended that the plaintiff rely on the deception; (3) the deception occurred in the course of trade or commerce; (4) the plaintiff suffered actual damages; and (5) the damages were proximately caused by the deception." Petty v. Chrysler Corp., 343 Ill. App. 3d 815, 822-23, 799 N.E.2d 432, 439 (Ill. App. Ct. 2003). The Complaint recites these requirements in a conclusory fashion (Compl. ¶¶ 53, 55), and identifies the alleged deceptive acts as "including false promise and misrepresentation of material facts" (id. ¶ 53).

However, the Complaint fails to identify what the purported "false promise and misrepresentation of material facts" might be. Plaintiff does not specify what statements were made, when or how they were made, or what was untrue about them. Most significantly for purposes of the Rule 12(b)(6) motion, the Complaint does not identify any specific misrepresentations that were directed at Plaintiff. A careful review of the Complaint, however,

---

[6] In the event Plaintiff denies that Count II is intended, in fact, to assert a claim under the ICFA and instead asserts some other fraud claim, the basic principles underlying Alltel's motion to dismiss would nonetheless apply.

suggests that the alleged misrepresentations occurred in two contexts: the contract and the billing statements. First, Plaintiff alleges that "Alltel further expressly and/or impliedly agreed to bill Plaintiff and the Class only for products or services the purchase of which they had authorized." (Compl. ¶ 47). Second, Plaintiff implies that Alltel's billing statements contain misrepresentations, by alleging that Alltel has been "billing Plaintiff and the Class for products or services, the purchase of which they never authorized." (Id. ¶ 50; see also id. ¶¶ 25-26).

Although Plaintiff purposefully chose not to append the contract which contained the alleged representations, and similarly failed to describe with any particularity the content or context of the misrepresentations as to charges, it is clear that such representations do not support Plaintiff's claim. As discussed supra, p. 7, Alltel contracted with and directed the billing statements at issue to Kathleen Panter, not Plaintiff. (See Exhibit A, at 1.) Because Plaintiff has not alleged -- and clearly cannot allege -- any misrepresentations by Alltel that were directed toward Plaintiff, Plaintiff cannot state a claim under the ICFA. See Rowan v. Max Auto Mall, Inc., 2002 WL 215524, at *3 (N.D. Ill. Feb. 12, 2002) (granting motion to dismiss ICFA claim based upon misrepresentation where exhibit to complaint indicated defendant had not made representation at issue).[7]

---

[7] Alternatively, in the event this Court declines to dismiss Plaintiff's breach of contract claim, Plaintiff's ICFA claim must fail as it is nothing more than a reworking of his breach of contract claim. The only alleged "false promises" and "misrepresentation of material facts" are also alleged to be contract breaches, and ICFA does not provide a "redundant remedy" for simple breaches of contract. Sklodowski v. Countrywide Home Loans, Inc., 358 Ill. App. 3d 696, 704, 832 N.E.2d 189, 196-97 (Ill. App. Ct. 2005) (affirming dismissal of ICFA claim where breach of contract and ICFA counts "rel[ied] on the same facts," because "a deceptive act or practice involves more than the mere fact that defendant promised something and then failed to do it") (quotation omitted). If this Court determines that Plaintiff has stated a claim for breach of contract, the ICFA claim must be dismissed.

**B.      Plaintiff Has Failed To Plead Consumer Fraud With Particularity**

Alternatively, Count II of the Complaint must be dismissed for failure to plead fraud with particularity, as required by Fed. R. Civ. Proc. 9(b).  It is well-established that Rule 9(b) applies to claims of statutory fraud, including ICFA claims.  <u>Davis v. G.N. Mortgage Corp.</u>, 396 F.3d 869, 883 (7th Cir. 2005).[8]  Rule 9(b) "requires the plaintiff to state the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff."  <u>Vicom v. Harbridge Merch. Servs., Inc.</u>, 20 F.3d 771, 777 (7th Cir. 1994) (quotations omitted).  "In order to adequately allege a deceptive act or practice the Plaintiff must allege 'who, what, when, where and how' the alleged fraud occurred."  <u>United States v. All Meat & Poultry</u>, 470 F. Supp. 2d 823, 830 (N.D. Ill. 2007) (citations omitted).

Particularly instructive is <u>Rockford Memorial Hospital v. Havrilesko</u>, 368 Ill. App. 3d 115, 858 N.E.2d 56 (Ill. App. Ct. 2006), where the plaintiff brought an ICFA claim on behalf of a putative class, for a hospital's billing of patients for services they did not receive.  The Illinois appellate court held that the plaintiffs did not adequately plead fraud when they "alleged that they were billed for services that they did not receive" but "did not allege any details to support that bare assertion, including what those services were."  <u>Id</u>. at 124, 858 N.E.2d at 64.  <u>See also</u> <u>Vicom</u>, 20 F.3d at 778 (complaint that simply referred to representations by a "sales representative" did not adequately state "who made the misrepresentations").

The Complaint here is bereft of any details regarding the alleged misrepresentations which form the basis for his "consumer fraud" claim.  For example, although Plaintiff references

---

[8]  Illinois state courts, where Plaintiff's Complaint was originally filed before this action was removed by Alltel, impose a similar pleading standard.  <u>See</u> <u>Connick v. Suzuki Motor Co., Ltd.</u>, 174 Ill. 2d 482, 502, 675 N.E.2d 584, 594 (Ill. 1996).

Alltel's alleged contractual promise not to bill Plaintiff for unauthorized charges (Compl. ¶¶ 45, 46), he does not attach the contract (as required) or quote the alleged contractual language. Indeed, hedging his bets, he alleges that such promises were "expressly <u>and/or</u> <u>impliedly</u>" made. (<u>Id</u>. ¶¶ 46, 47 (emphasis added).)  Plaintiff's description of the misrepresentations regarding particular unauthorized charges is similarly lacking.  Plaintiff alleges that his "cell phone account was charged for unwanted mobile content services" (<u>id</u>. ¶ 32), but does not specify which charges or which services were unwanted.  Plaintiff does not specify who or how such misstatements were made.  The Complaint lacks similar details as to when such misrepresentations were made, other than to state that alleged fraud occurred "[i]n or about 2007 and continuing periodically thereafter."  (<u>Id</u>. ¶ 32.)

Plaintiff's Complaint lacks even the most basic information regarding his claim.[9]  Even after independent review of its own billing records and the applicable contract, which Plaintiff failed to reference or attach, Alltel is left to speculate as to the basis for Plaintiff's claim. Accordingly, if Plaintiff's claim is not dismissed under Rule 12(b)(6) because no misstatements were made to Plaintiff, Count II should be dismissed for failure to plead with particularity as required by Rule 9(b).

## VI.    ANY CLAIMS WHICH SURVIVE DISMISSAL MUST BE RESOLVED BY ARBITRATION

In order to assert its intent to seek to compel arbitration in the event any of Plaintiff's claims survive the Motion to Dismiss, and to avoid any misperception that Alltel intends to waive its right to arbitration, Alltel quotes the arbitration provision at issue here and its application to Plaintiff's claims.

---

[9]  Separately, Plaintiff does not allege whether any unauthorized charges "for unwanted mobile content services" (<u>id</u>. ¶ 32) were ever paid.

The form contract referenced in the Complaint (see e.g., ¶ 45), contains an express arbitration provision.  (See Ex. A, pp. 19-20.)

> **ARBITRATION**
> ANY DISPUTE ARISING OUT OF THIS AGREEMENT OR
> RELATING TO THE SERVICES AND EQUIPMENT MUST BE
> SETTLED BY ARBITRATION ADMINISTERED BY THE
> AMERICAN ARBITRATION ASSOCIATION, USING THE
> WIRELESS INDUSTRY ARBITRATION RULES.
> INFORMATION REGARDING THIS PROCEDURE MAY BE
> FOUND AT WWW.ADR.ORG.  EACH PARTY WILL BEAR
> THE COST OF PREPARING AND PROSECUTING ITS CASE.
> WE WILL REIMBURSE YOU FOR ANY FILING OR
> HEARING FEES TO THE EXTENT THEY EXCEED WHAT
> YOUR COURT COSTS WOULD HAVE BEEN IF YOUR
> CLAIM HAD BEEN RESOLVED IN A STATE COURT
> HAVING JURISDICTION.  THE ARBITRATOR HAS NO
> POWER OR AUTHORITY TO ALTER OR MODIFY THE
> AGREEMENT OR THESE TERMS AND CONDITIONS,
> INCLUDING THE FOREGOING LIMITATION OF LIABILITY
> SECTION.  ALL CLAIMS MUST BE ARBITRATED
> INDIVIDUALLY, AND THERE WILL BE NO
> CONSOLIDATION OR CLASS TREATMENT OF ANY
> CLAIMS.  THIS PROVISION IS SUBJECT TO THE FEDERAL
> ARBITRATION ACT.  YOU UNDERSTAND AND
> ACKNOWLEDGE THAT BY AGREEING TO THIS
> ARBITRATION CLAUSE, YOU ARE WAIVING YOUR RIGHT
> TO A JURY TRIAL.

(Exhibit A, p. 19.)

This arbitration provision is valid and enforceable.  The Federal Arbitration Act, "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place them on the same footing as other contracts," Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 89 (2000), provides that contractual arbitration provisions "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The Seventh Circuit Court of Appeals has enforced arbitration provisions in similar circumstances.  See Metro East Ctr. for Conditioning & Health v. Qwest

Commc'ns Int'l, Inc., 294 F.3d 924, 926-27 (7th Cir. 2002) (enforcing an arbitration provision in telephone tariff, reasoning that the customer had plenty of options and could shop around if it did not agree to arbitration); Koveleskie v. SBC Capital Markets, Inc., 167 F.3d 361, 367 (7th Cir. 1999) (enforcing arbitration agreement between employee and employer despite employee's asserted lack of bargaining power).

    **By submitting this Motion to the Court, Alltel does not waive its right to arbitrate this dispute, and if the Court does not grant this Motion, Alltel will seek to compel arbitration.** Such a procedure is permitted. See Sharif v. Wellness Int'l Network, Ltd., 376 F.3d 720, 726 (7th Cir. 2004) ("[I]t is well-established that party does not waive its right to arbitrate merely by filing a motion to dismiss."); Benjamin-Coleman v. Praxair, Inc., 216 F. Supp. 2d 750, 753-54 (N.D. Ill. 2002) (defendant did not waive its arbitration rights by receiving a favorable ruling on a motion to dismiss, in part because the defendant had filed an answer raising the arbitration clause as an affirmative defense when it filed its motion.).

    Plaintiff's claims are subject to arbitration even if, as discussed above, Plaintiff is not a party to the contract with Alltel. All of Plaintiff's claims stem from alleged breaches of the contract which governs his cellular telephone service. Because Plaintiff seeks to derive a direct benefit from the contract, even as a non-signatory, he is bound by the arbitration provision and is estopped from denying its application to his claims. See, e.g., Zurich Am. Ins. Co. v. Watts Indus., Inc., 417 F.3d 682, 688 (7th Cir. 2005) ("A nonsignatory party is estopped from avoiding arbitration if it knowingly seeks the benefits of the contract containing the arbitration clause."). As one court explained:

> The touchstone of this form of estoppel is whether the non-signatory has brought suit against the signatory premised upon the agreement that contains the arbitration clause at issue, thus seeking the agreement's direct benefits. . . . Thus, in the arbitration

context, a party may be estopped from asserting that an arbitration clause contained in a particular document is inapplicable when that same party simultaneously claims the direct benefit of that contract.  This estoppel doctrine exists to prevent a litigant from unfairly receiving the benefit of a contract while at the same time repudiating what it believes to be a disadvantage in the contract, namely the contractual arbitration provision.

S. Ill. Beverage, Inc. v. Hansen Beverage Co., 2007 WL 3046273, at * 11 (S.D. Ill. Oct. 15, 2007).

## VII.    CONCLUSION

WHEREFORE, Alltel requests that this Court enter an order dismissing Counts I and II of the Complaint, and dismissing this action with prejudice.


Date: August 1, 2008                                    Respectfully submitted,

                                                        **ALLTEL CORPORATION**

                                            By:    /s/  Michael O'Neil_____
                                                   One of Its Attorneys

Michael O'Neil (ARDC #06201736)
Albert E. Hartmann (ARDC #06256064)
Sharon R. Albrecht (ARDC #06288927)
**DLA PIPER US LLP**
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
312-368-4000

<u>**CERTIFICATE OF SERVICE**</u>

I, Michael O'Neil, an attorney, depose and state that on **August 1, 2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will serve electronic notice to all counsel of record.

/s/ Michael O'Neil
Michael O'Neil

CHGO1\31248057.2

# EXHIBIT

# A

Building 4, Second Floor
One Allied Drive
Little Rock, AR 72202-2099

ADDRESS SERVICE REQUESTED

████████████████████████████████████

kathleen Panter
?
████████████████████████

CHICAGO IL 60659-2521

| | |
|---|---|
| BILL DATE | **June 14, 2007** |
| ACCOUNT NUMBER | ████████████ |
| PAYMENT DUE | **UPON RECEIPT** |
| TOTAL AMOUNT DUE | ████████████ |

## Your Account Summary

| | |
|---|---|
| Previous Balance | █ |
| Payments Received through  June 14, 2007 | █ |
| Past Due Balance * | █ |
| Total Current Charges | █ |
| **TOTAL AMOUNT DUE - UPON RECEIPT** | █ |

\* Past due payment must be made upon receipt of this bill to avoid service interruption.  Refer to payment options below.

 **Manage your account at** alltel.com/myaccount

- **Coming Soon! New look**
- **Coming Soon! New features**
- **View demo: alltel.com/myaccountupdates**
- View, pay and print bill
- Manage My Circle numbers 24/7
- Add features or a phone and plan
- Check minutes of use and more

**Payment options:**

- By Mail: P.O. Box 9001905 Louisville, KY 40290-1905
- Automatic debit: Go to alltel.com and register under My Account
- Dial #PAY (#729) from your wireless phone
- Call  1 (800) 672-2051

 **Billing questions?** Call for assistance.

Hours of Operation:
Mon.-Fri. 7am-10pm, Sat.-Sun. 8am-7pm
- 1 (800) 255-8351
- *611 from your wireless phone
- 1 (800) 662-4960 TDD/TTY or TT service for hearing impaired

See reverse side for correspondence address

**Please detach here and return with remittance**



kathleen Panter
?
████████████████████

CHICAGO IL 60659-2521

| | |
|---|---|
| BILL DATE | **June 14, 2007** |
| ACCOUNT NUMBER | ████████████ |
| PAYMENT DUE | **UPON RECEIPT** |
| TOTAL AMOUNT DUE | ████████████ |
| AMOUNT ENCLOSED | |



☐ Check here for address change or comments. Please write on reverse side.

**ALLTEL**
**P.O. BOX 9001905**
**LOUISVILLE, KY  40290-1905**

ᏖᎾᎾᎾᏜᏑᏔᎾᎾᎾᎾᎾᎾᎾᎾᎾᏒᎧᎾᎦᎦᎢᎾᎶᎦᎦᏒᎾᎽᎾᎾ
b000156000000389054108330706140000006892866



## General Information

**Terms:** This bill reflects the charges incurred by you during your most recent billing period for the services provided to you by Alltel. These services are subject to Alltel's terms and conditions, which are found on the back of your customer service agreement and at www.alltel.com. By paying this bill, you acknowledge that you are bound by these terms and conditions. Billing is in advance or arrears based on selected services. The minimum service period is 30 days. A past due amount is due upon receipt of your bill. Late payment fees may be applied to the total amount carried forward as of your next billing date.

**Payments:** When you provide a check as payment, you authorize us to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. Any resubmission due to insufficient funds may also occur electronically. Please be aware that all checking transactions will remain secure and payment by check constitutes acceptance of these terms.

**eCheck Authorization:** ▓▓▓ By entering this 5-digit code when paying by phone, I hereby authorize Alltel and the financial institution designated by me to charge the account I have specified for payment of my Alltel services. I understand that a fee will be charged to my Alltel account for each request returned unpaid. If two requests are returned unpaid, I will be excluded from this option. In addition, I understand that Alltel and the financial institution reserve the right to terminate this payment option. This authorization can be revoked by notifying Alltel at the customer service number listed on my bill prior to 4:00 P.M. CST on my specified payment date.

**Correspondence Address:** Alltel, Building 4 Fifth Floor, One Allied Drive, Little Rock, AR 72202-2099. Please do not send payments to this address. Allow 4-6 weeks for a response. For immediate assistance, please dial *611 from your wireless phone or call 1-800-Alltel-1.

## Important Messages

Additional important information may be included on the last page of your bill.

**New and Improved My Account Coming Soon!**

The quick, easy and convenient way to manage your wireless account is getting better. In addition to a new look,
My Account will provide more control and convenience by letting you assign My Account access to others on your account.
To check out what's coming to My Account, view the demo at www.alltel.com/myaccountupdates.

**With My Account, you can:**

View, pay and print your bill
Manage My Circle numbers 24/7
Update account information
View your rate plan, features and coverage map
Add a new user
Add or change features
Check minutes of use and more!

**Not registered with My Account? Visit www.alltel.com/account to enroll today.**

---

Please detach here and return with remittance

V156A14B        596318   Y

## Address Change or Comments?

Change of Address Effective Date:  __ __ / __ __ / __ __

Name:  __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

Attention:  __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

New Address:  __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __    Apt/Suite: __ __ __ __

City:  __ __ __ __ __ __ __ __ __ __ __ __ __ __    State: __ __   Zip: __ __ __ __ __ __ __ __ __

Home Phone:  __ __ __ __ __ __ __ __ __ __        Business Phone: _____

If you would like a Caller ID name programmed for your phone, please write the name you would like to use on the line below:

_____

Comments:  _____

Choose who you call for free!  Find out
more at www.alltelcircle.com

Page 3 of 20

BILL DATE      June 14, 2007

ACCOUNT NUMBER



## Account Summary

Previous Charges
    Previous Balance as of 06/14/07
    Payments and Adjustments
        • Thank you for your payment - 05/15/07
        • Thank you for your payment - 05/17/07
    Total Payments and Adjustments

**Past Due Balance**

Current Charges for the Account
    Air Detail        05/15/07
    Air Detail        05/15/07
    Late Payment Fee
    State Tax

**Total Charges for the Account**

Current Charges for all Subscribers
    Monthly Service Charges
    Other Charges and Credits
    Taxes
    Axcess Charges
    Airtime & Directory Assistance Charges

**Total Charges for all Subscribers**

**TOTAL BALANCE DUE**

## Current Charges for All Subscribers



| | Local Airtime Used | Monthly Service Charges | Other Charges & Credits | Taxes | Axcess Charges | Touch2Talk Usage Charges | Airtime & Dir. Assist Charges | Long Distance Charges | Roaming Charges | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| WIRELESS Kathleen Panter | | | | | | | | | | |
| WIRELESS Kenneth Curler | | | | | | | | | | |
| WIRELESS Kyle Panter | | | | | | | | | | |
| WIRELESS Kevin Panter | | | | | | | | | | |
| WIRELESS Courtney Panter | | | | | | | | | | |

**alltel**

## Current Charges for All Subscribers

| | Local Airtime Used | Monthly Service Charges | Other Charges & Credits | Taxes | Axcess Charges | Touch2Talk Usage Charges | Airtime & Dir. Assist Charges | Long Distance Charges | Roaming Charges | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| TOTAL | | | | | | | | | | |

Please note that applicable surcharges and taxes on roaming are included in the "Roaming Charges" column above. They do not appear in the "Taxes" column.

Page 5 of 20

**BILL DATE** June 14, 2007
**ACCOUNT NUMBER** ███



**WIRELESS**
**Kathleen Panter**
███

**Current Charges for** ███ ███

### Monthly Service Charges

| | | Charges |
|---|---|---|
| ███ | 06/15/07 - 07/14/07 | |
| Your Features: | | |

**TOTAL MONTHLY SERVICE CHARGES**

### Other Charges and Credits

| | Charges |
|---|---|
| Regulatory and Admin Fee | |
| State/Local 911 Fee | |
| Federal USF | |
| **TOTAL OTHER CHARGES AND CREDITS** | |

### Taxes

| | Charges |
|---|---|
| State Tax | |
| **TOTAL TAXES** | |

### Premium Axcess Downloads

| | Charges |
|---|---|
| Axcess Radio | $6.99 |
| **TOTAL PREMIUM AXCESS CHARGES** | $6.99 |

### Current Usage Summary

| | Included (05/15/07 - 06/14/07) | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Anytime | | | | | |
| Night/Weekend | | | | | |
| Mob2Mob & My Circle | | | | | |
| **Axcess Text Messaging** | | | | | |
| Incoming Text Msg | | | | | |
| Outgoing Text Msg | | | | | |
| Long Distance Charges | | | | | |
| **TOTAL USAGE CHARGES** | | | | | |

*Please see last page of bill for explanation of call codes.*



**Airtime Usage Detail**

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|---|---|---|---|---|---|---|---|

alltel

Page  6  of  20
BILL DATE     June 14, 2007
ACCOUNT NUMBER

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|-----------|--------|-----|------|------|--------|

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|-----------|--------|-----|------|------|--------|

*Please see last page of bill for explanation of call codes.*





Page 7 of 20
BILL DATE          June 14, 2007
ACCOUNT NUMBER ███████

**WIRELESS**
**Kenneth Curler**
████████████

**WIRELESS**
**Kyle Panter**
████████████

**Current Charges for** ████████

**Current Charges for** ████████

## Monthly Service Charges

|  | 06/15/07 - 07/14/07 | Charges |
|---|---|---|
| Your Features: |  |  |

TOTAL MONTHLY SERVICE CHARGES

## Monthly Service Charges

|  | 06/15/07 - 07/14/07 | Charges |
|---|---|---|
| Your Features: |  |  |

TOTAL MONTHLY SERVICE CHARGES

## Other Charges and Credits

|  | Charges |
|---|---|
| Regulatory and Admin Fee |  |
| State/Local 911 Fee |  |
| Federal USF |  |
| TOTAL OTHER CHARGES AND CREDITS |  |

## Other Charges and Credits

|  | Charges |
|---|---|
| Regulatory and Admin Fee |  |
| State/Local 911 Fee |  |
| Federal USF |  |
| TOTAL OTHER CHARGES AND CREDITS |  |

## Taxes

|  | Charges |
|---|---|
| State Tax |  |
| TOTAL TAXES |  |

## Taxes

|  | Charges |
|---|---|
| State Tax |  |
| TOTAL TAXES |  |

## Premium Axcess Downloads

|  | Charges |
|---|---|
| Espn Bottomline Pro | $4.99 |
| TOTAL PREMIUM AXCESS CHARGES | $4.99 |

## Current Usage Summary

|  | Included (05/15/07 - 06/14/07) | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Anytime |  |  |  |  |  |
| Night/Weekend |  |  |  |  |  |
| Mob2Mob & My Circle |  |  |  |  |  |
| Axcess Text Messaging |  |  |  |  |  |
| Incoming Text Msg |  |  |  |  |  |
| Outgoing Text Msg |  |  |  |  |  |
| Picture or Video Messaging |  |  |  |  |  |
| Incoming Pic/Vid Msg |  |  |  |  |  |
| Outgoing Pic/Vid Msg |  |  |  |  |  |
| Long Distance Charges | -- |  |  |  |  |
| TOTAL USAGE CHARGES |  |  |  |  |  |

## Current Usage Summary

|  | Included (05/15/07 - 06/14/07) | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Anytime |  |  |  |  |  |
| Night/Weekend |  |  |  |  |  |
| Mob2Mob & My Circle |  |  |  |  |  |
| Directory Assistance Charges |  |  |  |  |  |
| Axcess Text Messaging |  |  |  |  |  |
| Incoming Text Msg |  |  |  |  |  |
| Outgoing Text Msg |  |  |  |  |  |

alltel

Long Distance Charges
**TOTAL USAGE CHARGES**

| Date | Time | City State | Number | Min | Type | Rate | Charge |
|------|------|-----------|--------|-----|------|------|--------|

**Airtime Usage Detail**

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|-----------|--------|-----|------|------|--------|

Please see last page of bill for explanation of call codes.



| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|-----------|--------|-----|------|------|--------|

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|-----------|--------|-----|------|------|--------|

Please see last page of bill for explanation of call codes.

**alltel**

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|------------|--------|-----|------|------|--------|

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|------------|--------|-----|------|------|--------|

*Please see last page of bill for explanation of call codes.*

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|-----------|--------|-----|------|------|--------|

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|-----------|--------|-----|------|------|--------|

*Please see last page of bill for explanation of call codes.*

| | |
|---|---|
| BILL DATE | June 14, 2007 |
| ACCOUNT NUMBER | |



| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|---|---|---|---|---|---|---|---|

## Other Charges and Credits

| | Charges |
|---|---|
| Regulatory and Admin Fee | |
| EQUIPMENT / FEES | |
| State/Local 911 Fee | |
| Federal USF | |
| **TOTAL OTHER CHARGES AND CREDITS** | |

## Taxes

| | Charges |
|---|---|
| State Tax | |
| **TOTAL TAXES** | |

## Premium Axcess Downloads

| | Charges |
|---|---|
| May 31, 2007 Axcess Web Day Pass | $1.49 |
| 42222 Blinko Text Alerts | $9.99 |
| Xm Radio Mobile | $.00 |
| **TOTAL PREMIUM AXCESS CHARGES** | $11.48 |

## Current Usage Summary

| | Included | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Family National Freedom 2100 (05/15/07 - 06/14/07) | | | | | |
| Anytime | | | | | |
| Night/Weekend | | | | | |
| Mob2Mob & My Circle | | | | | |
| Directory Assistance Charges | | | | | |
| Axcess Text Messaging | | | | | |
| Incoming Text Msg | | | | | |
| Outgoing Text Msg | | | | | |
| Long Distance Charges | | | | | |
| **TOTAL USAGE CHARGES** | | | | | |

**WIRELESS**
**Kevin Panter**

Thank you for extending your service with Alltel.
You have 24 months remaining on your service
agreement. We value your business and look forward
to serving you.

**Current Charges for**

## Monthly Service Charges

| | 06/15/07 - 07/14/07 | Charges |
|---|---|---|
| Your Features: | | |

## Airtime Usage Detail

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|---|---|---|---|---|---|---|---|

| | |
|---|---|
| TOTAL LONG DISTANCE CHARGES | |
| TOTAL AIRTIME & DIRECTORY ASSISTANCE CHARGES | |

**TOTAL MONTHLY SERVICE CHARGES**

*Please see last page of bill for explanation of call codes.*



Please see last page of bill for explanation of call codes.

alltel

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|-----------|--------|-----|------|------|--------|

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|-----------|--------|-----|------|------|--------|

*Please see last page of bill for explanation of call codes.*

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|------------|--------|-----|------|------|--------|

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|------------|--------|-----|------|------|--------|

Please see last page of bill for explanation of call codes.

# alltel

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|-----------|--------|-----|------|------|--------|

| Date | Time | City,State | Number | Min | Type | Rate | Charge |
|------|------|-----------|--------|-----|------|------|--------|

TOTAL LONG DISTANCE CHARGES

TOTAL AIRTIME & DIRECTORY ASSISTANCE CHARGES

**WIRELESS**
**Courtney Panter**

**Current Charges for**

**Monthly Service Charges**

| | | Charges |
|--|--|---------|
| | 06/15/07 - 07/14/07 | |

Your Features:

TOTAL MONTHLY SERVICE CHARGES

*Please see last page of bill for explanation of call codes.*

Page 17 of 20
BILL DATE        June 14, 2007
ACCOUNT NUMBER

## Other Charges and Credits

| | Charges |
|---|---|
| Regulatory and Admin Fee | |
| State/Local 911 Fee | |
| Federal USF | |
| **TOTAL OTHER CHARGES AND CREDITS** | |

## Taxes

| | Charges |
|---|---|
| State Tax | |
| **TOTAL TAXES** | |

## Current Usage Summary

| | Included (05/15/07 - 06/14/07) | Used | Overage | Rate | Charge |
|---|---|---|---|---|---|
| Anytime | | | | | |
| Night/Weekend | | | | | |
| Mob2Mob & My Circle | | | | | |
| **Axcess Text Messaging** | | | | | |
| Incoming Text Msg | | | | | |
| Outgoing Text Msg | | | | | |
| Long Distance Charges | | | | | |
| **TOTAL USAGE CHARGES** | | | | | |

## Explanation of Call Codes

**WIRELESS RATE TYPES**

OP = Off-Peak
E = Evening
N = Night
IC = International Call Period
DA = Directory Assistance
MP = Multiple Rate Periods
P = Peak
MPK = Mobile-To-Mobile Peak
MOP = Mobile-To-Mobile Off-Peak
MW = Mobile-To-Mobile Weekend
TN = Third Number
CC = Calling Card
CL = Collect
TF = Toll Free
SUR = Roamer Surcharge
IF = Incoming Free

S = Station To Station
SS = Super System Extended
INCL = Minutes Included In Rate Plan
WKND = Unlimited Weekend Calling
C = Call Forwarding
T = 3-Way Calling
W = Call Waiting
MM = Mob2Mob & My Circle
M = Message Notification
D = Delivered Call
V = Voicemail Dialed
X = Fax Delivery
CTH = Convert to Home
LD = Long Distance
FTR = Free to Roam

## Explanation of Taxes, Surcharges and Fees

**Regulatory and Admin Fee:** This fee helps Alltel recover costs incurred by the company to provide government mandated services and complete calls to and from other carriers' networks. This fee is set by Alltel and is not a tax required by law.

**E911 Carrier Cost Recovery:** This fee is charged by Alltel to recover its costs associated with the construction, maintenance and upgrades of 911 services and related facilities on its network not otherwise reimbursed through state or local E-911 funds. This is not a tax required by law.

**State/Local 911 Fee:** This fee, set in accordance with state or local law, is collected and remitted to the state or local governmental entity in those states that require a surcharge to recover the cost of providing E-911 service.

**Access Charge per FCC Order / CLEC Network Access:** Local telephone companies recover a portion of the costs incurred to provide interstate telecommunications service to customers through a monthly charge on the local telephone bill. This charge, the Federal Subscriber Line Charge or "SLC", is regulated by the FCC.

**Federal USF Fee:** The Federal Universal Service Fund (USF) was established by the FCC to ensure that telecommunications services are affordable for customers with low incomes and customers living in rural areas where the cost of providing service is high. The fund also provides discounted telecommunication services to schools, libraries and rural healthcare providers. Through this fee, Alltel recovers the cost of its mandated contribution to the FUSF as permitted by the FCC.

**State USF Fee:** Some states have implemented a State Universal Service Fund (SUSF) similar to the federal USF. In those states, telecommunications companies must contribute a percentage of billed revenue to the SUSF. The states, in turn, allow telecommunications companies to recover their mandatory contribution to SUSF from their customers.

**Relay Service Surcharge:** The Americans with Disabilities Act requires all companies offering voice service to provide access to a Telecommunications Relay Service (TRS) and to contribute to a shared fund to support this service. This service enables an individual who is hearing or speech impaired to communicate with others through access to a Teletypewriter (TTY) and/or Telecommunications Device for the Deaf (TDD).

**Intrastate Toll Tax / Equalization Surcharge:** A usage-based tax levied by some individual states on long distance calls made in the state.

**Surcharge/Taxes on Roaming:** All the applicable sales and excise taxes levied on roaming charges -- charges incurred while using your wireless service outside of Alltel coverage areas. This is a usage-based tax applied only if roaming occurred. This charge applies only to wireless usage only.

**State Tax:** A state tax is levied on wireless and wireline customers. The tax take the form of a sales tax, a telecommunications tax, a utility tax, or an excise The application of this tax will vary by state. This is listed under the "Taxes" on your bill.

**County, City and Local Taxes:** This is a county or city tax levied on wireless wireline customers. The tax may be a sales tax, a franchise fee, a utility tax, communications services tax, an occupation fee, or a license tax. The application rate of this tax will vary by state and may vary by locality. This is listed under the "Taxes" heading on your bill.

alltel

THIS PAGE INTENTIONALLY LEFT BLANK

## TERMS AND CONDITIONS FOR COMMUNICATIONS SERVICES

**Definitions**
"You" and "your" mean the person or entity that subscribes to Communication Services or purchases or leases Equipment subject to this Agreement. This "Agreement" includes these Terms and Conditions and your Service Order. "We", "our", "us", and "Alltel" refer to Alltel Communications, Inc., its subsidiaries and affiliates, as well as any other person or entity doing business as Alltel and providing Communication Services or Equipment to you. "Communication Service(s)" or "Service(s)" refer to any services you have asked us to provide to you through this Agreement. "Equipment" means any communications equipment or accessories you purchase or lease from us or use in any manner in connection with your Services. "Service Order" means the form (whether paper or electronic) on which you apply for Services and includes certain additional Terms and Conditions for your Services. "Terms and Conditions" include the following provisions as maintained at www.Alltel.com and the provisions in your Service Order that set forth the manner in which we provide Equipment and Service to you, such as the length of time you will subscribe to a Service, rate plans, access charges, fees, taxes and surcharges, and Equipment you have selected.

**Acceptance**
You accept this Agreement when you do any of the following: (a) give us your written or electronic signature, (b) tell us orally or electronically that you accept, or (c) use or attempt to use any of the Equipment or Services. If you have never used the Services before and do not wish to be bound by these Terms and Conditions, do not begin using the Services or Equipment and notify us immediately.

**Term**
a.          Fixed Term. You agree to subscribe to the Services for the length of time identified on the Service Order. The Services you receive after the end of the term will be provided on a month-to-month basis and remain at all times subject to the Terms and Conditions.
b.          Month-to-Month Term. If no length of time is identified on the Service Order, then the term is month-to-month.

**Termination By You**
a.          Fixed Term. If you subscribe to a Service for a fixed term and you terminate that Service before the expiration of the fixed term then you will be required to pay us an early cancellation fee as specified on your Service Order. If there is no early cancellation fee specified on your Service Order, then you will be required to pay $200 per line for any early cancellation. In addition, you remain liable for payment of all outstanding charges for all Services you used and Equipment you purchased from us prior to termination.
b.          Month-to-Month Term. You may terminate a Service to which you subscribe on a month-to-month basis at any time by notifying us. You remain liable for payment of all outstanding charges for all Services you used and Equipment you purchased from us prior to termination.
c.          Change in Location. A change in your service address or the location to which any Service is provided to you may constitute, at our sole discretion, termination of the Services or an increase in the prices you must pay for the Services.
d.          Number Portability. A request by you to port your number will be deemed a request by you to terminate your Agreement.

**Termination By Us**
We may limit, interrupt, terminate or refuse to provide a Service for the following reasons, or for any other good cause: (a) if you do not honor any provision of these Terms and Conditions (including payment obligations), (b) if you use a Service in a manner that adversely affects Service to other customers or harasses our customers, our employees, or others, (c) if you or others use a Service to engage in fraud or unlawful conduct or are suspected of doing so, (d) if you modify your wireless phone or any software residing thereon from the original manufacturer specifications, including for the purpose of accessing non-Alltel services, (e) if your Service is used in a manner that is excessive or unreasonable with respect to volume or length of calls when compared to the predominant volume or length of call of other customers on a similar rate plan or in your geographic area, or (f) if the majority of your Service is used roaming on a network not owned or operated by Alltel. You may not resell any Service. We may restore such interrupted or terminated Service, in our sole discretion, following our correction of the violation and payment of any amounts due, including any restoration charge we assess for restoring your Service.

**Payment Of Charges And Fees**
a.          In General. You are responsible for paying all charges applicable to your Equipment and Service, including: access charges, airtime, features, text messaging, roaming, toll, long distance, and directory assistance. In addition, you are responsible for paying any taxes, surcharges, fees, and assessments imposed by us or a governmental authority from time to time in connection with the Services or the Equipment.
b.          Wireless Airtime Charges. Airtime usage on each call is billed in full minute increments, with a minimum charge of one minute per call. Partial minutes of use are rounded up to the next full minute. Access charges are billed in advance and will not be deducted from your bill or refunded in the event of termination. Unused plan minutes are not carried over to subsequent monthly billing cycles. In some instances, information regarding airtime usage, including roaming or long distance charges, is not available to be included in the bill for the month that the Service is used, and will be billed to you in a subsequent bill. The Service will be charged, and deducted from your plan minutes, in the month it is billed. The length of a call will be measured from when you initiate it (typically, when you press the "Send" key) until you terminate it (typically, when you press the "End" key). You may incur additional charges for roaming or long distance calls. Rates and charges while roaming outside of your local Alltel service area may be different from your Alltel service area rates. We reserve the right to select the carrier you will use while roaming. Rates during peak hours may be higher than rates during off-peak hours. Use of custom calling features (such as voicemail or three-way calling) will be billed like any other call. To be eligible for Service, we may require you to reside in our Service area or to use most of your Service on a network owned or operated by Alltel.
c.          Wireless Data Charges. Wireless data services may be billed in full kilobyte increments. Partial kilobyte increments of use may be rounded to the next full kilobyte. Unused kilobytes may not be carried over to subsequent monthly billing cycles. Access time may be measured from the time the port is seized to the time the port is released by your Equipment.

**Billing Information Provided By You**
To determine whether certain taxes, fees and surcharges are applicable to Service provided to you, we are required by federal law to obtain your street address, which must be within our service area. You represent and warrant that the address you provide us to obtain Service is correct, and you acknowledge that we are relying on this information to determine which taxes, fees or surcharges are applicable to your Service. You agree to notify us if your address changes. In the event you do not provide us with a valid address or address change, you understand and agree that you may be responsible for additional taxes, fees or surcharges for your Service, and we may terminate your Service.

**Payments**
We will bill you monthly for all charges associated with the Services, and we will invoice you for all charges associated with Equipment. Payment in full is due no later than the due date indicated on your bill. If you have authorized payment for Services or Equipment by credit card or by debiting a bank account, no additional notice or consent is required before we invoice the credit card or debit the bank account for all amounts due to us for any reason. We may accept late payments, partial payments or any payments marked as being "payment in full" or as being settlement of any dispute without losing any of our rights under this Agreement. You agree to pay costs and fees we incur to collect an unpaid balance from you.

**Credits And Deposits**
You authorize us to ask credit-reporting agencies for credit information about you. We may, in our discretion, require you to submit a deposit as security for payment of charges. An additional deposit may be required if either the amount or number of Services is increased or your credit rating changes. Simple interest will be paid on the cash deposit for the period it is held by us and will be refunded if satisfactory credit has been established or upon termination of service. We reserve the right to apply the deposit to any amount due and unpaid. We may require a guarantee of payment by an individual or entity approved by us.

**Personal Identifiers**
We assign telephone numbers, e-mail addresses and other personal identifiers in connection with the Services. Unless we provide you advance notice, you have no proprietary right to any such identifiers, and we reserve the right to change them upon notice to you. In the event that you become entitled to transfer a personal identifier to another party to obtain any Services we provide you, we reserve the right, prior to honoring the request for transfer, to charge a fee for the transfer and to collect any money owed by you for Services or Equipment.

# alltel

**Services Provided By Third Parties**

The Services will be provided either by us or by our third party vendors or contractors. We reserve the right to change or modify the source of any Services provided to you without notice.

**Unauthorized Use of Third Party Services**

You agree that the mobile phone on which your Alltel Service is activated may not be used to access any third-party services equivalent to Services provided, or Services made available, by Alltel even if you declined to purchase such Services from Alltel. Your mobile phone contains programming designed to enable access to Alltel Services only. Using any manual or electronic means to circumvent any restrictions placed on your mobile phone or to modify without authorization any programming supplied on your phone is a violation of your Agreement.

**Privacy And Customer Proprietary Network Information**

You authorize us to monitor and record communications to us regarding your account or the Services for purposes of quality assurance. We will not give you notice of any subpoenas or court orders related to your account or use of Services unless required by law. Information in our billing and customer care systems concerning your account and your use of Services belongs to us, and you have no expectation of privacy with respect to such information. You agree that we may release information we have about you when required to do so by law, to provide to third parties solely for the purpose of assisting us in providing any Service to you, or if we reasonably believe that an emergency involving immediate harm to a person or property requires disclosure. We may analyze your account and usage information and share this information with other Alltel entities to communicate with you regarding Equipment or Services that may become available to you. If you do not want us to provide your information to other Alltel entities for this purpose, please notify us.

**Theft And Fraud**

If your Service or Equipment is lost or stolen or fraudulently used, then you are responsible for all usage incurred before we receive notice from you of such loss or theft. You agree to cooperate in the investigation of fraud or theft and to provide us with such information and documentation as we may request (including affidavits and police reports).

**LIMITATION OF LIABILITY**

IN THE EVENT WE ARE FOUND TO BE RESPONSIBLE TO YOU FOR DAMAGES IN ANY WAY RELATING TO THE SERVICES OR EQUIPMENT, YOU AGREE THAT OUR LIABILITY TO YOU WILL NOT EXCEED YOUR PRO-RATED MONTHLY RECURRING CHARGE FOR SERVICES DURING THE PERIOD IN WHICH YOU INCUR SUCH DAMAGES. WE ARE NOT LIABLE FOR ANY INCIDENTAL, SPECIAL OR CONSEQUENTIAL DAMAGES (SUCH AS LOST PROFITS OR LOST BUSINESS OPPORTUNITIES), PUNITIVE OR EXEMPLARY DAMAGES, THE COST OF ALTERNATIVE SERVICES, OR ATTORNEYS' FEES.

**DISCLAIMER OF WARRANTIES**

WE MAKE NO REPRESENTATIONS OR WARRANTIES REGARDING THE SERVICES OR EQUIPMENT YOU RECEIVE FROM US, AND DISCLAIM ANY WARRANTIES OR REPRESENTATIONS, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. WE ARE NOT RESPONSIBLE FOR CIRCUMSTANCES BEYOND OUR CONTROL, INCLUDING WITHOUT LIMITATION ACTS OR OMISSIONS OF OTHERS, ATMOSPHERIC CONDITIONS, OR ACTS OF GOD. WE DO NOT PROMISE UNINTERRUPTED OR ERROR FREE SERVICE. WE MAY NOT MANUFACTURE ANY EQUIPMENT OR SOFTWARE THAT YOU MAY USE IN CONNECTION WITH YOUR SERVICE, AND YOUR ONLY WARRANTIES AND REPRESENTATIONS WITH RESPECT TO EQUIPMENT OR SOFTWARE ARE THOSE PROVIDED BY THE MANUFACTURER (WITH RESPECT TO WHICH WE HAVE NO LIABILITY WHATSOEVER).

**About These Terms and Conditions**

a.     Record Retention. You acknowledge and agree that (i) Alltel will not maintain a paper copy of your Agreement, (ii) Alltel will maintain your rate plan and feature information electronically, and (iii) Alltel will maintain its copy of the Terms and Conditions at www.Alltel.com. If you lose your copy of the Terms and Conditions, you may retrieve the then current electronic copy from www.Alltel.com at any time.

b.     Changes. We may change these Terms and Conditions, including any change in any charge or fee, or the imposition of a new charge or fee, at any time if we give you notice in advance of the change. If we make a change to these Terms and Conditions that is material and you do not wish to accept such material change, you may terminate your Agreement for the affected Service by giving us notice within thirty (30) days, in which case you will not be subject to an early cancellation fee. You will, however, still be responsible for all charges for Services and Equipment made before you terminated your Agreement for that Service. A material change is ONLY a change that (a) terminates or substantially reduces the availability of a Service for you or (b) results in the increase of any charge by more than ten percent (10%) of the monthly access charge for that Service. Material changes in your Service DO NOT include the increase in, or imposition of: (1) any charge required to be collected by any governmental authority, or (2) any charge permitted to be collected by any governmental authority to recoup our expense for the provision of a service required by that governmental authority.

**Applicable Law**

Your Agreement and Alltel's provision of Services to you are subject to (a) the laws of the state identified in the billing address that you have provided us and (b) any applicable federal or state laws. In the event of an inconsistency between any governmental requirement and this Agreement regarding the provision of a Service that is subject to the governmental requirement, the provisions of the governmental requirement will apply to the extent necessary to avoid the inconsistency.

**Assignment**

We may assign this Agreement to another entity without any advance consent from or notice to you. You may not assign this Agreement without our consent.

**No Waiver; Severability**

If we do not enforce any right or remedy available under this Agreement, that failure is not a waiver. If any part of this Agreement is held invalid or unenforceable, the remainder of this Agreement will remain in force.

**Third Parties**

This Agreement is for the benefit of you and us only, and not any third party.

**ARBITRATION**

ANY DISPUTE ARISING OUT OF THIS AGREEMENT OR RELATING TO THE SERVICES AND EQUIPMENT MUST BE SETTLED BY ARBITRATION ADMINISTERED BY THE AMERICAN ARBITRATION ASSOCIATION, USING THE WIRELESS INDUSTRY ARBITRATION RULES. INFORMATION REGARDING THIS PROCEDURE MAY BE FOUND AT WWW.ADR.ORG. EACH PARTY WILL BEAR THE COST OF PREPARING AND PROSECUTING ITS CASE. WE WILL REIMBURSE YOU FOR ANY FILING OR HEARING FEES TO THE EXTENT THEY EXCEED WHAT YOUR COURT COSTS WOULD HAVE BEEN IF YOUR CLAIM HAD BEEN RESOLVED IN A STATE COURT HAVING JURISDICTION. THE ARBITRATOR HAS NO POWER OR AUTHORITY TO ALTER OR MODIFY THE AGREEMENT OR THESE TERMS AND CONDITIONS, INCLUDING THE FOREGOING LIMITATION OF LIABILITY SECTION. ALL CLAIMS MUST BE ARBITRATED INDIVIDUALLY, AND THERE WILL BE NO CONSOLIDATION OR CLASS TREATMENT OF ANY CLAIMS. THIS PROVISION IS SUBJECT TO THE FEDERAL ARBITRATION ACT. YOU UNDERSTAND AND ACKNOWLEDGE THAT BY AGREEING TO THIS ARBITRATION CLAUSE, YOU ARE WAIVING YOUR RIGHT TO A JURY TRIAL.

**Entire Agreement**

This Agreement, including its Terms and Conditions and your Service Order, is the entire Agreement between you and us, which may only be amended as described above. This Agreement supersedes any and all statements or promises made to you by any of our employees or agents.

January, 2006